UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN S. GRAHAM,<br><br>                Petitioner,<br><br>v.<br><br>JOE BIDEN,<br><br>              Respondent. | Case No. 1:24-cv-00557-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Jonathan S. Graham has filed a Petition for Writ of Habeas Corpus. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**REVIEW OF PETITION**

1.      **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that

"district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

## 2.    Discussion

Petitioner is a prisoner in the custody of the Oklahoma Department of Corrections and currently incarcerated in Lexington, Oklahoma. In the Petition, Petitioner challenges a criminal conviction entered in the Oklahoma County District Court in the State of Oklahoma. *See generally* Dkt. 1.

"Writs of habeas corpus may be granted" by the district courts only "*within their respective jurisdictions.*" 28 U.S.C. § 2241(a) (emphasis added)). This language means that a "habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian." *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495-99 (1973)).

Petitioner is not incarcerated in Idaho, and he is not in custody pursuant to an Idaho state court judgment. Thus, this Court lacks jurisdiction over Petitioner. Nor does the Court have jurisdiction over Petitioner's custodian. Though the Petition's caption incorrectly names President Biden as the respondent, the body of the Petition reveals that Petitioner's actual custodian is David Rogers, the warden of the Joseph Harm Correctional Center, in Lexington, Oklahoma. Consequently, this Court cannot hear Petitioner's habeas corpus petition.

However, that conclusion does not end the inquiry. A federal court lacking jurisdiction must consider whether the case should be dismissed or, instead, transferred to

a court properly having subject matter jurisdiction:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action … could have been brought at the time it was filed ....

28 U.S.C. § 1631. This transfer statute "confers on [a federal court] authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court … that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988).

The Court concludes that the interests of justice would not be served by transferring this case to a federal district court in Oklahoma. The transfer statute "serves to aid litigants who were confused about the proper forum for review." *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987) (internal quotation marks omitted). Petitioner's Oklahoma conviction has no connection to the State of Idaho. Accordingly, the Court concludes that Petitioner was not confused about where to file the Petition but, instead, likely filed it in the wrong court on purpose.

For the foregoing reasons, the Petition is subject to summary dismissal.

## ORDER

**IT IS ORDERED:**

1.      The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED without prejudice for lack of jurisdiction.

2.      The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

INITIAL REVIEW ORDER - 3

§ 2253(c); Habeas Rule 11.

DATED: February 7, 2025

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 4